The next case is number 21-1348, David Miller v. United States. At this time, would the appellant please introduce herself on the record to begin. Katherine Essington for the petitioner, David Miller. I'd like to reserve two minutes for rebuttal, please. You may. Go ahead. Morning. This is, at its heart, an ineffective assistance of counsel claim, so I want to start with a discussion of the two prongs of Strickland. With respect to the deficient performance prong, here, trial counsel's failure to raise a statute of limitations defense via a motion to dismiss appears to have been based on insufficient research. Counsel told Mr. Miller via a letter that there was no statute of limitations defense at all in this case, based on one unpublished district court decision. There was no evidence of any additional research in counsel's file. Had he done additional research, he would have found at least one recent district court case, Gentile, that went the other way on the issue. No, well, Gentile didn't involve this statute. That's correct, Your Honor. And the cases that do involve this statute are very heavily, if not unanimously, in favor of the government. I would certainly concede that point. The only two circuit courts that have passed upon it both come out saying that the statute is retrospective as to claims that was still open at the time of enactment, right? I'm sorry, I didn't hear the second part of it. The only two circuit courts to have passed upon the meaning of this statute have said that the statute is retrospective as applied to claims that were still open on the statute's effective date, the amendment's effective date. I believe that is correct, Your Honor. I would say I don't think that the particular case that Mr. Miller referred to is a particular statute necessarily is that significant in this case. I mean, we cannot have a rule of retroactivity that apply only in sex assault cases. Oh, I agree with that. That's fine. But, for example, the Fourth Circuit in Cruz has exhaustively collected the authorities on this type of statute, if you want to talk about type of statutory enlargement. And that opinion fairly persuasively concludes that in both civil and criminal cases, retrospective application is the rule unless Congress has indicated otherwise. Well, I guess I would disagree with the last part of that statement. The Congress has to make express under Landgraf its intent to apply the statute retroactively. So I'm not sure there's a presumption of retroactivity. I think that it has to be expressed. And here this statute is not expressed. The case law doesn't say that. You're saying that a statute will not in this type of situation be applied retrospectively unless Congress has expressly said it should be applied retrospectively? Well, that's the first part of the Landgraf test. No, the first part is you've got to ask that question. And you ask that question and the answer is no, Congress didn't expressly say that. You then get to the second part of the Landgraf inquiry. And at that point, you've then got to determine whether or not to apply it retrospectively, despite the fact that Congress hasn't made an express declaration either way. Yes, I would agree with that. And Cruz collects, to my knowledge, is the best single recent decision collecting the authorities on this point. And those authorities seem to be weighted heavily toward the view that such an enlargement, that statute should be construed to apply retrospectively at the Landgraf second step. As to claims that are still open at the time of the statute's effect, the amendment's effective date. All I'm saying is the weight of authority seems to be against you on the key point here. I would agree with that. I would certainly concede that. And I think I conceded that in my brief. I would say that a lot of these cases, first of all, I think Cruz and other cases collect civil and criminal cases together in a mix that I think may not be appropriate given 2C, which is not mentioned in a lot of these cases, but has not been overruled. And is mentioned in the one district court case that goes the other direction and was available to counsel at the time? Is that right? I don't believe Vickers cites 2C. Vickers cites Stagner, but I don't believe so, Your Honor. I thought there was one district court opinion that tended in your direction at the time. Yes, that's the Gentile case. And did that not cite 2C? I believe, no, Gentile does cite 2C. That's what I'm saying. So the idea that 2C was in play was available to counsel at the time of the decision he made, correct? That's correct. And so we have authority that for purposes of deficient performance, if there is controlling authority in our circuit or in the Supreme Court, it's not deficient performance to fail to make an argument for overturning the state of the law. Here we have a situation in which the case law is not controlling in our circuit and there's no Supreme Court precedent controlling. However, one assesses the weight of authority when there's two circuits and some split in the district court plus Supreme Court precedent, that is a little bit complicated. At a minimum, it's an open question. Correct, I would agree. And what is our case law about what constitutes deficient performance with respect to a novel argument on an open question of law? In other words, is it deficient performance not to make a, obviously, if the argument is a loser, ultimately, there's a possibility that that itself is dispositive. Imagine it's a winner, but it's a non-obvious winner. It would take some thinking. You'd have to foresee some of the arguments that a certain opinion in Miller itself sketched out. But imagine that that was available and it turns out it's a winning argument, but not at all clear at the time it was a winner and many reasons to think it would have been a loser. Is it deficient performance not to make it? I mean, how are we supposed to evaluate that question? Because that's prior to the question of if it was deficient because it was below something, maybe it was strategic and bracketing that. But just on the level of what kind of lawyering are we expecting under the Sixth Amendment? Yes. Well, I think this court has to look at, yes, whether there's any imaginable strategic or tactical reason. Let's say there isn't. Just on the level of how good are we expecting the lawyer to be. This would be a creative, novel argument. It might also be correct. Assuming in the end we concluded it was correct, but at the time you'd hardly get an F on your exam for not making it, given the weight of authority, et cetera. Does that make it deficient? And what is our case law that helps me think that through? Well, I think the best case is Prue, although that was a clear winner situation, which arguably this is not. This was not a completely novel argument because Gentile and some of the other cases were out there. So I do think counsel has an obligation to do adequate research, which would not just uncovering controlling precedent, but uncovering persuasive precedent from other jurisdictions. And again, evaluating whether there's any downside, but your question presupposes that there is no downside to raising it. And there certainly wasn't in this case, given that there was no plea agreement here and no agreement as to sentencing. There just was no harm to Mr. Miller for making the argument. Last point on prejudice. In your brief, you seem to suggest that somehow you could win, even if the argument ultimately was a loser, as long as it was some possibility it would have been a winner. That strikes me as an odd contention in this context. I could see how there's prejudice if it's a winner, and then we'd have to get to the merits and resolve the Landgraf issue, assuming it's right to even think of it as a Landgraf issue rather than just a pure Tuesday issue. But I guess I wasn't sure, were you trying to argue that even without us addressing the merits, as long as we thought it was a close enough question, there'd be a Sixth Amendment ineffective assistance problem? Yes, definitely. Is there case law that suggests that? Well, that goes back to Strickland's standard, which is not, you don't have to establish that Mr. Miller would have prevailed on the motion to dismiss. I guess the question on a pure legal question like this, it just seems a little strange to be saying there's a reasonable probability that this loser argument would have helped him. Well, I think, again, I'm trying to stress that the standard is reasonable probability, and so the standard is not he would have won a motion to dismiss. The standard is whatever this court thinks reasonable probability means. Did he have some chance of winning the motion to dismiss? Maybe it's a greater hurdle than that, but it's not 100% he would have won the motion to dismiss. I guess I was really just trying to make that point. Unless there's any further questions? Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? Good morning. May it please the court. Brian Kleinborn on behalf of the United States. Mr. Kleinborn, would you start? We are, counsel left off. Yes. Do you agree that anything short of a winning argument would be sufficient to meet the Strickland test? No, I think it would have to be. I don't think that Mr. Miller can demonstrate a reasonable probability of success when the state of the law is decidedly or almost unanimously against him on the key point in this case. That's a different, you answered a different question than he asked. I'm sorry. Okay. The question is, regardless of the weight of authority, can petitioner win if in the end the statute is retrospective? Can they show prejudice if in the end the statute is retrospective? So long as there was some reasonable probability that it could have been found to be prospective only. No, I don't think that they can establish prejudice if the court ultimately, if the state of the law, the decision ultimately was that there was a. Great. Could you just explain how does that fit with the reasonable probability language? Which isn't as definitive as that. It just seems like a puzzling situation. Well, I think that's why I go back to maybe my first take at the question is, given the state of the law, is there a reasonable probability of success given that no court that has addressed this issue has found that a statute would be a reasonable probability of success? But that would suggest even if it was a winner, he would lose. I'm sorry, Your Honor. That suggests even if it was a winning argument, he would lose on prejudice. Well, no, I think that the point is, Your Honor, that if I could, let me go, if I could go back to the, the Strickland standard is clear that the court doesn't even need to necessarily get to the prejudice. Let's just finish up with the prejudice discussion. So what's the question, Your Honor? The question is, can he win on prejudice if it is a losing argument ultimately? Your answer is no, because in this circumstance, there was a lot of authority against him. But if that's the reason for no, that would suggest he would lose on prejudice even if it was a winning argument. Yeah, maybe I'm, maybe I'm misunderstanding the court's, the court's question. But I think, I think, I think in this case, the defendant cannot demonstrate prejudice for a number of reasons. One, one of which is that the state of the law was such that no court that has addressed this issue has found... Okay, and that would be true even if the argument ultimately was a winning argument? Ultimately, if, if, if... We would write an opinion. Here's the opinion. The opinion says this is a winning argument. It only applies prospectively. But at the time, it was a lot of authority suggesting the other way, so he's not prejudiced by not having made the argument. That's, that would be the opinion you're asking us to write. You think that's correct? I'm sorry, can you repeat that one more time? Yeah, the opinion would say Miller is correct. This statute only applies prospectively. But there's no prejudice to him because at the time it was not reasonably probable we would rule that way because there were other circuits, a couple of them, that had said the opposite. No, I think, I think that... I'm sorry, Your Honor, I think I've gotten lost in the hypotheticals and... I think you may be conflating deficient performance and prejudice and we're trying to isolate two. I fully understand the argument about deficient performance and I want to get to that. The question that was being asked of you, though, is assume that even though it was an open question and even though there was some authority against him, we expect counsel nonetheless to make arguments that are novel when there's no controlling authority against it and no strategic reason not to do it. Okay? You have arguments why there was a strategic reason not to do it, I understand that, but you're not saying there was controlling authority against him. You're just saying there was out-of-circuit authority against him. Right? Yes. Yeah. So if the idea is that we expect counsel, if there's no strategic reason not to make a motion to dismiss, to make a novel argument that would benefit defendant, the question is to show prejudice in that circumstance. Need the argument be a winning argument or is it enough that even though it's ultimately a losing argument, it was plausibly thought to be a winner? And does the government have a position on that question? I think the problem I've had with the line of questioning is it does conflate the performance prong with the prejudice prong. No, the question is trying to separate out the two. Okay. Performance, it may very well not be deficient performance not to raise an argument that ultimately wins or to raise an argument that ultimately loses. That still may be reasonable. But prejudice, which means harm, can prejudice mean anything more than it's a winner or it's a loser and that determines prejudice? No. I don't think it's... And now we're asking why. Why do you think that, given the reasonable probability, is the standard for prejudice? I think the clear winner language from a case like Prue has to deal with the analysis in that case was as to the performance prong and whether counsel first or foregoes an argument that, if counsel foregoes an argument that's a clear winner, there's a better argument that... It was deficient. He was deficient, yes. But we're asking about prejudice. Yes. And again, if you could... I don't think it's a clear winner prong in this case, but I want to push back on what opposing counsel said about... If we're looking objectively at what Mr. Miller's counsel did in this case, she said that his performance... His research was deficient because he only looked at one unpublished decision. That is not the state of the record in this case. What we know is that counsel told the court... He was aware of the statute of limitations issue. He wanted to look at the issue one final time. He met with counsel over 12 times during the course of his representation. This was over a seven-month period. We can assume that the issue of the statute of limitations was discussed with his client over that seven-month period of time. And he wrote to his client and said that given his research, and he sent him the Vickers case, which I think is just representative of the research he did on this issue. This case and my research informs me that there is no meritorious statute of limitations issue in this case. So Strickland tells us that when a lawyer makes strategic choices after thorough investigation of the law and the facts relevant to his options, those actions are virtually unchallengeable. Well, what's the strategic choice in this case? This isn't a case where he... was able to do something else or that he could forego something and gain some other advantage. We don't know that. Well, a lawyer is always making strategic decisions in cases... Yeah, but usually you can't just use that as a blanket and say any decision the lawyer makes must be strategic. What could the strategy be for not taking a shot at a motion of dismiss which costs you nothing if you win, you're out from under, if you lose, you're no worse off than if you made the motion? That looks to be the state of this record. What's justification for not making that motion if a reasonably competent lawyer would have made it? Well, first of all, Your Honor, the lawyer has to make an argument if there's no downside to making the argument. I said if a reasonably competent lawyer would have made it. Well, I don't know that a reasonably competent lawyer would have made this argument. But you have to go stronger than that you don't know. You have to take the position a reasonably competent lawyer would not have. A reasonably competent lawyer would not have made it. So why is that true? Even if it's a winner? It wasn't a winner. Well, that's different. Then we would be getting to the merits and saying it's a loser. What if we don't know if it's a winner? All right. Would a reasonably competent lawyer have taken a shot? That's a tough case. The take a shot case. Because it's easy. If we know that it's a winner, the lawyer really has to make it. If we know that it's a loser, then there's no prejudice. But the tough case is, why not take a shot? Well, why not take a shot is not the Strickland standard. No, I know it isn't. I'm putting it in lay terms. But why wouldn't a reasonably competent lawyer take a shot when he's got no downside, not forfeiting anything that we know of strategically in order to take it? May I answer that question? Because in this case, we had a lawyer who's representing a client who's facing, eventually got 327 months in prison. He's defending the entire scope of his client's case. He's filing a nine-section motion in limine to keep out evidence at trial. He's focusing on sentencing arguments to try to get his client the best result possible. And he's looking at the state of the law on this statute of limitations issue and seeing little to no support in his favor. And so he's entitled to make, lawyers don't have endless amounts of time and resources. He's entitled to make judgments about which arguments. I've been trying to find some authority that helps us figure that out. You don't seem to be saying you're only obliged to do it in the case of a clear winner, right? I mean, that's what this court said in Prue. No, we said that it was a clear winner. Did we say that you only have to do it in the case of a clear winner? I don't think the court said only if it's a clear winner. So you're not taking the position that you only have to do it in the case of a clear winner. Is the government taking that position? No. Okay, so then it can be an open question in which we don't know what the outcome would be. And the question is how open, how far from being a clear loser and in between being a clear winner does it constitute deficient performance? That's what we're trying to figure out. What is the government's view on that? And is there any authority that helps me think through that? I don't know a specific case, but I think Your Honor sort of posited a spectrum in your questioning to opposing counsel. A clear loser on one end, clear winner on the other end, an open question, not at all clear at the time, but maybe looked like a loser. I think that's how you characterize maybe this case. I would say we have to be very close to clear winner, or certainly well beyond that middle section of open question for a court to say it was deficient performance for a lawyer. How about in the case where no controlling authority, but it looks like it may very well be a loser, but you've got no other defense. Do we not require that you throw the Hail Mary? I don't think that that's required either. If there's no other defense? Are you positing filing a motion to dismiss on statute of limitations grounds or some other? Raising this issue. Because his only other option is plea. Well, I don't know that there's ever a case where there's no other, there's nothing else for the lawyer to do. But the premise of the question was if there is no other. You're saying they have to balance a bunch of things. You're saying if this is the only defense that the lawyer sees, do you think there's an obligation then where there's no controlling authority, even though it looks like it's going to be a loser? No, I don't think that the lawyer would be. I don't think under Strickland's objective reasonableness standard that that would constitute deficient performance. Even when there's no advantage to foregoing it and pleading instead? Even if there's no. No downside. No downside is not the standard. No, we're just adding it as a fact. Yes, even if the court found that there was no downside to filing it. Well, that's not the only question of saying put that in the mix. Does he have to throw the Hail Mary? I don't think that's consistent with the Strickland standard. Why? The whole idea of Strickland is we don't Monday morning quarterback and second guess and say. This last turn on this, I get it in the case in which there's a range of defenses. Which one should I emphasize? The choice here is plea guilty or take a shot at not being convicted? I don't think those are the only two options. The point I'm trying to make about this case. We're asking here, though, for purposes of our question, assume that is the choice. Does the government have a view when the options are plea guilty or take a shot at a defense? Does a reasonably competent lawyer say there's an open question that would give you a shot at a defense, but I'm telling you plea guilty, even though taking that option advantages you not at all over taking a shot? Well, I have to assume that if he's saying plea guilty, he's doing other things on his client's behalf. I mean, the hypothetical is missing out on facts about what the lawyer is doing. In preparing the sentencing memorandum, et cetera. But you would have to assume that the lawyer is doing other things which are somehow inconsistent with filing the motion to dismiss. How can we make that assumption? Filing a motion to dismiss isn't like an irrevocable choice that sends you in one direction and forecloses you from doing other things. Usually filing a motion to dismiss doesn't foreclose you from doing anything else. Now, you can envision a situation where a prosecutor might say you've got one chance to enter into a plea agreement. You either do it now or it's off the table. And the lawyer says, oh, I don't want to file a motion to dismiss and lose that chance. But that's not this case. There's no plea agreement here. There's absolutely nothing in the record that suggests that anything would have been foregone by the filing of a motion to dismiss. Well, again, I think there's no, there should not be a per se rule about I'm not suggesting a per se rule. I'm looking at this case. I'm trying to get enough facts together so that we can make an intelligent judgment about whether or not this lawyer performed to a standard of reasonable professional competence, objective reasonableness. So I may have lost the question, Your Honor. Yeah. Looking at this record, can you point to anything that the lawyer would have foregone by filing a motion to dismiss? Well, yes. He made a decision not to file a motion to dismiss that wasn't supported by case law. I understand that, but that's not the question. Had he filed the motion to dismiss, would he have forfeited anything else that he did in the case? Yes. He might well have spent an inordinate amount of time working on a motion to dismiss that had no merit, while he wasn't filing a motion in limine that was successful in keeping out several key pieces of the government's case law. And how can we make that judgment? What is there in the record that permits us to make that judgment? Filing a motion to dismiss usually isn't that complicated. Was there a motion in limine he filed here? Yes. You make that judgment, Your Honor, because the standard of review requires you to defer to counsel's judgments. As long as that judgment is objectively reasonable and at a level of professional competence. Yes, which gets us back to, I think, the key question in this case, which I think the magistrate judge and the district court resolved properly, and it's the defendant's burden to establish that he wasn't objectively reasonable and that he's failed to do that. Thank you. Judge Howard, did you have a question? I just want to address... the first part of the court's questions about sort of changes in the law that might have occurred after Mr. Miller's case. I think the law is very clear that the performance of counsel has to be judged at the time of the omission in this case. Sal, could you just address the very last point the government made? I know you have only two minutes, but it seems like a quite key point. If I understand the government's position, it's we have an open question with authority going against and very little authority going in favor. He's also making a motion in limine at the time in defense of the client. In such a circumstance, how can we second-guess the lawyer's decision as to how to spend his time, which is I'd rather spend it on the motion in limine rather than the motion to dismiss? And it's true there's nothing in the record telling us he made that calculation, but it's not a subjective inquiry, it's an objective inquiry. So given that it's objective, what's wrong with the government's position that absent it being a clear winner or close to it, we shouldn't second-guess the attorney's assessment of what kind of pretrial defense he wants to make? I think the motion in limine is irrelevant. I think that the ineffective assistance of counsel cases say that when a strategic or tactical decision is made, it must be reasonable. And I don't think the cases talk about sort of the overall amount of time a lawyer spends on a case and spending time on this issue means not spending time on some other issue. I think the cases are very clear that all strategic and tactical decisions have to be reasonable. And I would add that I think once a lawyer researches an issue that he or she is obligated to perform adequate research and to correctly advise the client about the results of or the state of the law. And here Mr. Miller was simply told there was no statute of limitations defense. Any further questions? Thank you.